UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 20-80-SDD-SDJ |
| | : | |
| BRITTANY MONROE KNAPP | : | |

**UNITED STATES' MEMORANDUM OF LAW REGARDING
CONTEMPT OF COURT AND ADDITIONAL CHARGES**

NOW COMES the United States of America by Ronald C. Gathe, Jr., United States Attorney for the Middle District of Louisiana, through Edward H. Warner, Assistant United States Attorney, who respectfully submits this memorandum of law regarding criminal contempt proceedings and additional charges, as directed by this Honorable Court. For the reasons outlined herein, the United States is not seeking the initiation of criminal contempt proceedings or additional charges at this time. The government believes that the Court may consider the defendant's failure to appear in formulating an appropriate sentence for the substantive charge to which she has already entered a guilty plea.

**I.    Procedural History**

The defendant, Brittany Monroe Knapp, was charged by indictment on October 8, 2020, with two counts of wire fraud and one count of aggravated identity theft in violation of Title 18, United States Code, Sections 1343 and 1028A. (R. Doc. 1.) On March 1, 2021, the defendant signed a written plea agreement, committing to plead guilty to two counts of wire fraud in violation of 18 U.S.C. § 1343. (R. Doc. 36.) On June 5, 2021, the defendant pled guilty to two counts of wire fraud.

The defendant's presentence investigation report was issued on September 3, 2021 (the "**PSR**"), and an addendum was filed on November 16, 2021. (R. Docs. 40 and 44.) Neither the United States nor the defendant filed objections to the PSR. On October 18, 2021, defense counsel filed Motions to Continue Sentencing and Withdraw from the case citing a conflict of interest. (R. Docs. 50 and 51.) The Court granted the defense motions (R. Doc. 53.) New counsel was appointed for the defendant and the sentencing hearing was continued until December 8, 2021. (R. Docs. 53 and 57.)

On October 27, 2021, the U.S. Probation Office issued a revised presentence investigation report ("**Revised PSR**"). (R. Doc. 55.) The Revised PSR contains the defendant's acceptance of responsibility statement and reduces the defendant's offense level by three points. (Revised PSR, ¶¶ 37-39.) In the Revised PSR, the U.S. Probation Office also outlines: (1) their numerous attempts to obtain documents from the defendant; (2) the defendant's delayed acceptance of responsibility statement; and (3) the defendant's failure to provide a financial statement to the U.S. Attorney's Office. (Revised PSR, ¶ 6.)

On December 8, 2021, the defendant did not appear for her sentencing hearing. (R. Doc. 58.) Defense counsel represented to the Court that the defendant scheduled a medical procedure for December 7, 2021, but that defense counsel had not heard from the defendant for over a week. The defendant was arrested and detained on December 10, 2021.

## II.   Legal Framework

### a.   *Charge of Failure to Appear under 18 U.S.C. § 3146*

Pursuant to 18 U.S.C. § 3142(h), the contents of a release order must include a written statement that sets forth the conditions to which the release is subject. Once released, 18 U.S.C. § 3146(a) criminalizes the defendant's "knowing" failure to appear. The Fifth Circuit has

interpreted that "knowing" is intended to mean "willfully" failing to appear, and actual knowledge of a court order is not required. *United States v. Bright*, 541 F.2d 471, 476 (5th Cir. 1976). Willfulness includes a defendant's own conduct, which is designed to prevent him or her from receiving notice. *See United States v. Clemons*, 676 F.2d 124, 126 (5th Cir. 1982). The essence of the crime of "bail jumping" is the willful failure to appear before "any court or judicial officer as required." *United States v. Logan*, 505 F.2d 35, 37 (5th Cir. 1974).

The criminal penalties for the offense are contained in 18 U.S.C. § 3146(b), and provide that, "if a person was released on a felony punishable by 15 years to death, the penalty for bail-jumping is imprisonment for 10 years, a fine under this title, or both…"[1] The statute further provides that any term of imprisonment for bail jumping shall be consecutive to the sentence of imprisonment for any other offense. *See* 18 U.S.C. § 3146(b)(2).

The statute provides an affirmative defense, and the defendant may allege that uncontrollable circumstances prevented him or her from appearing. *See* 18 U.S.C. § 3146(c).

### b. *Charge of Criminal Contempt under 18 U.S.C. § 401*

Pursuant to 18 U.S.C. § 401, a court has "power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority,… as… [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3). To convict the defendant of criminal contempt, the United States must prove: (1) a reasonably specific order; (2) violation of the order; and (3) willfulness on the part of the defendant in violating the order. *United States v. Allen*, 587 F.3d 246, 255 (5th Cir. 2009). "In this circuit, for a criminal contempt conviction to stand, the evidence must show both a contemptuous act and a willful, contumacious, or reckless

---

[1] Knapp is charged in Counts One and Two of the Indictment with wire fraud, in violation of Title 18, United States Code, Section 1343. Due to her conviction of the aforementioned counts, defendant faces a term of imprisonment not to exceed 20 years.

3

state of mind." *Id.* Criminal contempt is "a crime in the ordinary sense," and defendants charged with criminal contempt are afforded the same rights as other criminal defendants including the privilege against self-incrimination and the necessity of proof beyond a reasonable doubt. *Matter of Hipp, Inc.*, 895 F.2d 1503, 1509 (5th Cir. 1990).

Because potential sanctions in the current case are intended to punish past conduct (i.e., the initial failure to appear) rather than to secure future compliance or remedy some harm resulting from noncompliance, contempt proceedings against Knapp are arguably *criminal* rather than *civil* in nature. *See e.g.*, *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 374-376 (5th Cir. 2003).

Federal Rule of Criminal Procedure 42(a) requires that a defendant be given notice before he or she may be punished for criminal contempt. Rule 42(a) sets forth three basic requirements: adequate notice, the appointment of a prosecutor, and trial and disposition. The notice may be provided in one of three ways: in open court, in an order to show cause, or in an arrest order. Fed. R. Crim. P. 42(a)(1)(A)-(C). The notice must: (1) inform the accused person of the time and place of the trial; (2) allow him or her a reasonable time to prepare a defense; and (3) state the essential facts constituting the criminal contempt and describe it as such. *Id.*

### III. Defendant's Conduct and Evidence

Here, based on the limited information presently available to the United States, it is unclear whether the defendant has willfully failed to appear under 18 U.S.C. § 3146 or whether she should be held in criminal contempt. The government would need to obtain evidence from defense counsel regarding the defendant's representations about the relevant court date. This evidence might include defense counsel's prior communications with the defendant, which would raise significant issues of privilege. These attorney-client privilege issues could also disrupt the

attorney-client relationship that the defendant and her counsel have developed—further delaying the sentencing hearing.

It is also unclear whether Knapp will allege that uncontrollable circumstances prevented her from appearing on December 8th, or whether she can support this affirmative defense. *See* 18 U.S.C. § 3146(c). Additionally, it is the government's understanding that the defendant made statements to agents during her December 10th arrest, which indicate that her failure to appear may not have been willful (though the statements may have been self-serving and/or untrue). Moreover, Rule 42 requires that the defendant be provided a reasonable time to prepare a defense to a criminal contempt claim.

The government would also request that it have sufficient time to obtain evidence that the defendant is guilty beyond a reasonable doubt of criminal failure to appear and contempt. As described below, the government believes that the Court may consider the defendant's failure to appear in formulating an appropriate sentence for the substantive charge to which she has already entered a guilty plea.

**IV.    Recommendation considering U.S. Sentencing Guidelines and Fifth Circuit Case Law**

　　　*a.*　　*U.S.S.G. § 3E1.1 and Fifth Circuit Analogous Case (United States v. Hooten)*

The Defendant's failure to comply with her pretrial order—along with other factors discussed below—supports a withdrawal of her acceptance of responsibility. The U.S.S.G. § 3E1.1 commentary implies that a defendant's failure to comply with pretrial bond conditions is relevant to assessing the sincerity of the defendant's acceptance of responsibility. *See* U.S.S.G. § 3E1.1 comment (n.1). Moreover, the Fifth Circuit has held that it was proper for a district court to withdraw a defendant's acceptance of responsibility due to his failure to comply with the conditions of his bond. *See United States v. Hooten*, 942 F.2d 878, 882-83 (5th Cir. 1991).

The Fifth Circuit accords great deference to the district court's determination of this issue since it is in a unique position to evaluate a defendant's acceptance of responsibility. *See* U.S.S.G. § 3E1.1 comment (n.5); *United States v. Roberson*, 872 F.2d 597, 610 (5th Cir.), cert. denied, 493 U.S. 861, 110 S. Ct. 175, 107 L.Ed.2d 131 (1989).

In the *Hooten* case, the district court ruled that the defendant was undeserving of a two-point adjustment under U.S. Sentencing Guidelines § 3E1.1 because the defendant's activities while out on bond contradicted his affirmative acceptance of responsibility. *Hooten*, 942 F.2d 882-83. Specifically, the defendant failed to comply with his bond conditions to: (1) meet curfew restrictions; (2) reside at the court-designated residence; and (3) report to U.S. Pretrial Services. *Id*.

When the district court's ruling to withdraw acceptance of responsibility was challenged on appeal, the Fifth Circuit affirmed. The Fifth Circuit found that the commentary to § 3E1.1 implies that a defendant's failure to comply with conditions of a bond could be ***highly relevant*** to assessing the sincerity of the defendant's acceptance of responsibility. *Hooten*, 942 F.2d 882-83.

### b. *The United States Recommends Withdrawal of Knapp's Acceptance of Responsibility*

Here, Knapp failed to comply with her pretrial order to "appear in court as required." (R. Docs. 12 and 58.). Moreover, in the Revised PSR, the U.S. Probation Office outlines other examples of Knapp's failure to show contrition. Specifically, Probation outlines: (1) their numerous attempts to obtain documents from the defendant; (2) the defendant's delayed acceptance of responsibility statement; and (3) the defendant's failure to provide a financial statement to the U.S. Attorney's Office. (Revised PSR, ¶ 6.)

Similar to the *Hooten* case, Knapp has not shown sincere acceptance of responsibility, and the offense level reduction should be withdrawn. The Fifth Circuit has affirmed district court

6

rulings that withdraw acceptance of responsibility for failure to appear for hearings. *See e.g.*, *United States v. Stetzel*, 183 F. App'x 432, 434 (5th Cir. 2006) (affirming a district court's denial of an acceptance-of-responsibility reduction due to a defendant's failing to appear at a re-arraignment hearing); *United States v. Lujan-Sauceda*, 187 F.3d 451, 451 (5th Cir. 1999) (affirming a district court's denial of an acceptance-of-responsibility reduction due to a defendant's failing to appear at a sentencing hearing).

The Fifth Circuit has also affirmed a district court ruling that withdrew acceptance of responsibility for failure to timely provide a financial statement to the government. *See United States v. Chung*, 261 F.3d 536, 540 (5th Cir. 2001). A withdrawal of Knapp's acceptance of responsibility would result in a three-level increase in her offense level. This increase would bring Knapp's Guidelines range up from 33–41 months to 46–57 months.

**V.     Conclusion**

Based on the current facts and the legal framework identified herein, the United States is not seeking the initiation of criminal contempt proceedings or additional charges at this time. The United States respectfully requests that defendant's failure to comply with her pretrial order—and other relevant facts—be considered when formulating an appropriate sentence for the offense to which she has pled guilty. The withdrawal of Knapp's acceptance of responsibility will bring Knapp's Guidelines range up from 33–41 months to 46–57 months. The 46-to-57-month advisory

Guidelines range was calculated by the U.S. Probation Office in the presentence investigation report that was issued on September 3, 2021.

    Respectfully submitted, this 14th day of December 2021.

                                UNITED STATES OF AMERICA, by

                                RONALD C. GATHE, JR.
                                UNITED STATES ATTORNEY

                                /s/ Edward H. Warner
                                Edward H. Warner, LBN 35580
                                Assistant United States Attorney
                                777 Florida Street, Suite 208
                                Baton Rouge, Louisiana 70801
                                Telephone: (225) 389-0443
                                Fax: (225) 389-0561
                                E-mail: edward.warner@usdoj.gov